JOHN T. BROWN, plaintiff in error, vs. THE SOUTH-WESTERN RAILROAD COMPANY, defendant in error.

THE SOUTH-WESTERN RAILROAD COMPANY, plaintiff in error, vs. JOHN T. BROWN, defendant in error.

NOTE. WARNER, C. J., did not preside in these cases.

1. If a Railroad Company carry off a slave without the written permission of the owner, overseer or employer, though the slave be in company with a thief who had stolen him, the Company will be liable.
2. Where the owner reclaims his slave, carried off under such circumstances as above stated, the measure of damages is not only the hire of the slave for the time he was absent, with interest added, but in addition thereto, such reasonable and necessary expenses as he may have incurred in reclaiming the slave.
3. The cause of action in this case having occurred before the Code went into effect, the plaintiff is not entitled to double the damages sustained, as provided for by section 2982 of the Code.

Case. Tried before Judge VASON. Sumter Superior Court. April Term, 1867.

This was an action of trespass on the case for carrying away on the cars of said Company, Brown's slave without Brown's consent. The plaintiff claimed hire, and expenses incurred in restoring said slave to his possession. The two bills of exceptions state the facts differently in some particu-

lars, but agree in all that is material to an understanding of the opinion of the Court.

Plaintiff's slave was a valuable painter, worth for hire three dollars per day, was carried from Albany to Macon, Georgia, on defendant's cars, without permission or consent of Brown; he stayed away about six weeks; Brown went in pursuit as far as Macon; sent telegraphic dispatches to various points, and sent one Atkinson to Memphis for the slave, who paid his jail expenses, and brought back the boy and the white man who stole him. All the expenses for railroad fare, dispatches, jail fees, pay to Atkinson, etc., incurred by plaintiff, amounted to two hundred and sixty-two dollars and fifty cents.

Plaintiff's attorneys requested the Court to charge the jury, that on proof of the property in himself, and the taking off on its cars plaintiff's slave without permission or consent of plaintiff, defendant was liable for all damages, including expenses in reclaiming the slave, and that they should find double the actual damages, as provided by the Code.

The defendant's attorneys requested the Court to charge the jury, that although defendant took said slave on board its cars, without a written permission from his owner, overseer or authorized controller, still if he went off in possession of a white man, that man's possession of him was a fact from which defendant might presume that he owned the boy and had a right to carry him away, and that there had been no such negligence as rendered defendant liable.

The Court refused to give either of said requests in charge. He charged that the rule of double damages was not, at the time of carrying the boy away, the law, and therefore did not apply to this case; that the possession of the slave by the white man and his taking him on said cars, did not relieve the defendant; and that the measure of damages was the value of the hire of said slave while he was absent from his master, with interest thereon.

The verdict was for one hundred and fifty-seven dollars and costs.

Each party excepted, and assigns the refusal to charge as requested (by *his* attorneys,) and the charge as given, as error. The cases were consolidated and argued together.

W. A. HAWKINS, for Brown.

JAMES J. SCARBOROUGH, for South-Western Railroad Company.

WALKER, J.

1. The Railroad Company insisted that it was not liable for carrying off plaintiff's slave, because a white man, who had stolen the negro, had possession of him, and the negro was received on the cars upon the idea that he belonged to the thief; that possession of personal property is *prima facie* evidence of title, and in such a case as this, would be such evidence as would relieve the Road from liability, as showing reasonable care and diligence to guard against doing to any one a wrong.   A sufficient reply to all this is, that the act of 21st February, 1850, (Cobb, N. D. 399–400,) says, " That if it shall be made to appear that any negro slave shall escape on any railroad car, locomotive or tender, without written permit from the owner, overseer or employer, such owner, overseer or employer may recover by suit, in any court of competent jurisdiction, the amount of the value of said negro, and the amount of all expenses of the suit incurred, from said railroad company." In the absence of a written permit from the owner, overseer or employer, the Road had no right to receive the negro on board its cars, and the Court did right to hold it liable.   We therefore affirm the judgment in the bill of exceptions prosecuted by the Railroad Company.

2. We cannot sanction the rule laid down by the Court as to the measure of damages in this case.   Plaintiff was entitled to recover as damages, not only for the hire of the slave during the time he was absent, with interest added, but he was also entitled to recover the reasonable and necessary expenses incurred in reclaiming him. What this amount would be, will depend on the facts of the case.   Defendant has a

right to mitigate the damages by showing, that though the slave was carried off in its cars under such circumstances as make it liable, yet as the plaintiff subsequently reclaimed his slave, his actual injury was to that extent diminished. Had the Road reclaimed the negro and delivered him to his master, then the rule laid down by the Court would have been correct; but as it did not do so, and the recovery was due to the efforts of the master, it is right that the Road should pay the reasonable and necessary expenses incurred in securing and returning the negro.

3. The cause of action in this case having occurred before the Code went into effect, the Court did right to charge that plaintiff was not entitled to recover double damages, as provided for by section 2982 of the Code.

Judgment reversed.